SM

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Zhaquis Jones, | No. CV 21-00667-PHX-JAT |
| Plaintiff, | |
| v. | **ORDER** |
| S. Henry, et al., | |
| Defendants. | |

Plaintiff Victor Zhaquis Jones, who is confined in the Arizona State Prison Complex-Eyman, in Florence, Arizona, brought this civil rights case pursuant to 42 U.S.C. § 1983. Upon screening Plaintiff's pro se First Amended Complaint pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment claims against Defendants Henry and Centurion and ordered them to answer these claims. (Doc. 8 at 7.)

Defendants subsequently moved for summary judgment. (Docs. 25, 27.) By this time, Plaintiff had obtained counsel. (*See* Doc. 22). Plaintiff requested, through counsel, an extension of time to respond to the Motion for Summary Judgment (Doc. 29), and the Court granted the request (Doc. 30), but Plaintiff did not file a response. On October 18, 2022, the Court granted summary judgment to Defendants, and the Clerk of Court entered judgment and closed the case that same day. (Docs. 31, 32.)

Approximately 16 months after the entry of judgment, on February 15, 2024, Plaintiff filed the pending Motion for Leave to File/Re-Open Case. (Doc. 33.) Plaintiff asks the Court to re-open this case because his attorney "displayed deliberate indifference

toward [Plaintiff], failed to communicate with the Plaintiff for the duration of the case, and also failed to notify [Plaintiff] of the dismissal." (*Id.*) Plaintiff did not cite a particular procedural rule in his motion, but regardless of which rule he seeks relief under, the requested relief is not warranted.

Under Local Rule 7.2(g), "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days of the filing of the Order that is the subject of the motion." Thus, to the extent Plaintiff seeks reconsideration under the local rules, his request is untimely. Moreover, even assuming his attorney's alleged lack of communication constitutes good cause, Plaintiff has not shown that the Court committed manifest error in granting summary judgment to Defendants or that there are new facts or legal authority that could not have been presented earlier that would justify reconsideration. *See* LRCiv 7.2(g) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence.")

Similarly, to the extent Plaintiff seeks to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or to set aside judgment under Rule 60(b), his request is untimely and unwarranted. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); Fed. R. Civ. P. 60(c)(1) (A Rule 60(b) motion based on mistake, newly discovered evidence, or fraud must be brought within one year of entry of judgment and within a reasonable time under Rule 60(b)(6)); *see School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (Rule 59(e) relief is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law" and under Rule 60(b) "upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief.")

1  As previously discussed, Plaintiff has not pointed to newly discovered evidence, mistake or excusable neglect, changes in the law, fraud, misrepresentation, or clear error that would warrant relief under Rule 59(e) or 60(b).  And although "[g]ross negligence by counsel amounting to 'virtual abandonment' can be an 'extraordinary circumstance' that justifies [relief under] Rule 60(b)(6). . . . Even where a [plaintiff] is abandoned by counsel, the [plaintiff] must also show that he diligently pursued his rights before relief can be granted under Rule 60(b)(6)."  *Brooks v. Yates*, 818 F.3d 532, 534, 535 (9th Cir. 2016).  Here, Plaintiff has not shown that he exercised diligence by allowing 16 months to pass from the date of the judgment in this case to the filing of his pending motion seeking relief from that judgment.  Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Reopen Case (Doc. 33) is **denied**, and this case must remain **closed**.

Dated this 3rd day of June, 2024.

James A. Teilborg
Senior United States District Judge